UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAROUA LAMIRI,

       Plaintiff,

v.                                 Case No:   6:15-cv-1810-Orl-28TBS

ROBERT FRANCIS AUDETTE, JR.,

       Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff/Petitioner's Motion for Attorney's Fees, Court Costs, and Travel Expenses (Doc 28).   Defendant Robert Francis Audette, Jr., has filed a response in opposition to the motion (Doc. 29).   Upon due consideration I respectfully recommend that the motion be **GRANTED in part** and **DENIED in part**.

## I. Background

Plaintiff Maroua Lamiri brought this action for the return of a child pursuant to the Hague Convention on Civil Aspects of International Child Abduction (the "Convention") and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011 (Doc. 1).   She alleged that her husband, Defendant Robert Francis Audette, Jr., had wrongfully retained the couples' minor child, R.S.A., in the United States after removing him from the child's habitual residence in Canada (Doc. 1, ¶¶ 11, 14, 19, 22).   Plaintiff sought an immediate restraining order prohibiting removal of the child from this court's jurisdiction pending a hearing on the merits, and an expedited preliminary injunction hearing (Id., ¶ 26).

On October 29, 2015, the Court entered an Order which, among other things,

prohibited Defendant from taking any action to remove the child from the jurisdiction of the Court absent court order; required Defendant to surrender all of the child's travel documents, including passports, to the United States Marshal; ordered the parties to appear before the Court on the merits of Plaintiff's claim; set a hearing; and required the parties to confer in a good faith effort to resolve the dispute (Doc. 4).   On November 9, Defendant filed a paper stating that he agreed to voluntarily return the child to Plaintiff (Doc. 13).   However, the return could not be effected because the U.S. Marshal had seized the child's passport and birth certificate (Id.).   On November 10, the Court ordered the return of the child's passport and birth certificate to counsel for Plaintiff, and directed the parties to notify the Court in writing by 2:00 p.m., that day whether an agreement had been reached as to the logistics of return of the child (Doc. 14).   Absent an agreement by the stated time, Defendant was ordered to deliver the child in court at a hearing scheduled for November 12, 2015 (Id., ¶ 3).

On November 10, Defendant notified the Court that the parties had agreed on the procedure for the return of the child, but that negotiations over a written stipulation had broken down (Doc. 16).   The problem was that Defendant would only agree to the terms for the return of the child while Plaintiff demanded that the stipulation include an agreement on her attorney's fees and costs (Id. at 10-20).   Defendant advised the Court that he was going to return the child and requested an order requiring Plaintiff to perform the parties' understanding as to the time, place, and other details for the return (Id. at 4). That same day, Plaintiff's counsel filed an affidavit seeking $4,278.35 in attorney's fees expended on this matter (Doc. 15).   Counsel also filed an affidavit of costs and expenses itemizing $1,344.23 in total costs incurred, including round trip air travel, hotel room, rental car, and air fare for Plaintiff (Doc. 23).

The Court ordered the return of the child to Plaintiff as agreed by the parties (Doc. 17).   It said that if the delivery occurred as ordered, the parties did not have to appear for the hearing on November 12 (Id., ¶ 2).   The Court also said it was not making a ruling on attorney's fees, costs, or expenses at that time (Id., ¶ 3).   Although Defendant returned the child to Plaintiff, the case still went to hearing on November 12, 2015 (Doc. 20).

Plaintiff filed a notice of child delivery on November 12, 2015, advising the Court that the child had been returned and that counsel had obtained the child's passport and birth certificate from the clerk (Doc. 19).   Plaintiff requested the entry of final judgment in her favor establishing that the child be returned to Canada where an appropriate custody determination could be made by a Canadian court.   Plaintiff also requested that Defendant be ordered to pay her attorney's fees, court costs, and other expenses (Id.).   The Court denied Plaintiff's motion for the entry of judgment, finding that a judgment was unnecessary as the child had already been returned (Doc. 21).   The Court reserved jurisdiction on the issue of attorney's fees and costs and gave Plaintiff through November 30, 2015, to file a motion accompanied by a memorandum of law (Id.).

Plaintiff filed her motion on November 30 and it is now pending before the Court. She seeks attorney's fees totaling $5,125.00 (Doc. 28-1); court costs totaling $515.85 (Id., ¶ 4; Doc. 28-3); and $1,344.23 in travel expenses (Doc. 28-2).   Counsel for Plaintiff neglected to sign the motion that was filed.   Respondent contends that because the motion was not signed, it is invalid, and any correction now would be untimely (Id. at 3-4). He also argues that Petitioner is not entitled to an award of fees because the surrender of the child occurred without the necessity of a court order and therefore the entitlement to statutory fees was never triggered (Id. at 4-7).   Lastly, Defendant complains that Plaintiff is seeking fees for work unrelated to the return of the child, counsel's time entries are

almost entirely impermissible block billing, and the evidence fails to show that Plaintiff's travel expenses were reasonable and necessary (Id. at 7-10).

## II. Failure to Sign Motion

Federal Rule of Civil Procedure 11 provides that:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.   Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.   The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

Courts in this district have stricken motions that were not signed.   United States v. Mena-Trellez, No. 8:12-cr-240-T-27MAP, 2014 WL 197737, n. 3 (M.D. Fla. Jan. 9, 2014); Rogers v. United States, No. 8:07-cr-91-T-27EAJ, 2013 WL 6047022, n. 3 (M.D. Fla. Nov. 13, 2013); Ivey v. Blocker, No. 6:11-cv-1776-Orl-22DAB, 2011 WL 6338848, n. 1 (M.D. Fla. Dec. 19, 2011).   Still, I find that counsel's failure to file a signed copy of the motion is not fatal to his client's cause.   Within three days after Defendant filed his response to the motion for fees and costs, Plaintiff's attorney filed his affidavit stating that he signed the original motion but that through inadvertence, an unsigned copy was scanned and uploaded to CM/ECF (Doc. 30).   A copy of the signed motion is attached to the affidavit (Id.).   In Becker v. Montgomery, 532 U.S. 757 (2001), which involved the failure to sign a notice of appeal, the Supreme Court noted that Rule 11 provides "'omission of the signature' may be 'corrected promptly after being called to the attention of the attorney or party.'"  Id. at 764.   The court continued:

> The rule was formulated and should be applied as a cohesive whole. So understood, the signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself. Becker proffered a correction of the defect in the manner Rule 11(a) permits–he attempted to submit a duplicate containing his signature, see supra, at 1805–and therefore should not have suffered dismissal of his appeal for nonobservance of that rule.

Id. at 765. I find that counsel's affidavit satisfies Rule 11's requirements for corrective action and respectfully recommend that Defendant's argument based upon the filing of the unsigned motion be rejected.

### III. Entitlement to Fees

Under ICARA:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3) (2015). Defendant argues that a court order compelling the return of the child was a prerequisite to an award of attorney's fees and costs and that there was no such order in this case. To the contrary, Defendant maintains that upon being served he informed the Court that he was ready, willing, and able to return the child but for the fact that the U.S. Marshall had seized the child's travel documents. In Allman v. Coyle, 319 F. Supp. 2d 540, 544 (E.D. Pa. 2004), the court denied a request for expenses under the Convention and ICARA because "both have as a precondition for awarding costs that the court 'order[ ] the return of a child.' Because I have made no such order in this case, I have no authority to direct Ms. Coyle to pay the expenses

incurred by Mr. Allman."   While Defendant may be correct on the law, I disagree with his

position on the facts.   In its November 10, 2015, Order the Court said:

> 1.   The delivery of the Child to Petitioner shall occur as
> agreed by the parties.   On November 11, 2015, Respondent
> will turn over the Child, R.S.A., to his neighbors Michael and
> Kristina Schuster, the third-party adults agreed upon by the
> parties for the exchange of the Child.   The Schusters will
> deliver R.S.A. to Petitioner in person at 4:00 p.m. on
> November 11, 2015, in the lobby of the Crown Plaza Hotel at
> 304 W. Colonial Drive, Orlando, Florida 32801.   Petitioner
> may then return to Canada with the Child.

(Doc. 17 at 3).   In my view, this qualifies as an order for the return of the child and had it

not been obeyed, the Court could have proceeded to hold the disobedient party in

contempt.   Therefore, I respectfully recommend the Court find that the requirements of

the Act and ICARA were satisfied and Plaintiff is entitled to recover her reasonable

attorney's fees, court costs, and other expenses.

## IV. Reasonable Fee

"[T]he fee applicant bears the burden of establishing entitlement to an award and

documenting the appropriate hours expended and hourly rates."   Hensley v. Eckerhart,

461 U.S. 424, 437 (1983).   "Ultimately, the computation of a fee award is necessarily an

exercise of judgment, because '[t]here is no precise rule or formula for making these

determinations.'"   Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)

(quoting Hensley, 461 U.S. at 436).   The Court is "an expert on the question [of

attorneys' fees] and may consider its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment either with or without

the aid of witnesses as to value."   Norman v. Housing Authority of the City of

Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d

143, 144 (5th Cir. 1940)).

District courts in the Eleventh Circuit utilize the lodestar approach to calculate a reasonable attorney's fee.   See Gray v. Bostic, 625 F.3d 692 (11th Cir. 2010); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992).   The lodestar figure is arrived at by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).[1]

The first step in determining the lodestar is to assess the reasonableness of the attorney's hourly rate.   "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   Loranger, 10 F.3d at 781; see also Jackson, 2010 WL 750301, at *2-3.   The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates."   In most cases, "satisfactory evidence" consists of something more than the affidavit of the attorney performing the work.   Loranger, 10 F.3d at 781.   In other cases, district courts have considered the affidavit of the attorney performing the work as the best evidence of the prevailing market rate.   See Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55

---

[1] Courts may also consider the following twelve factors, originally set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), when calculating a fee award:

(1) The time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment by the attorney due to acceptance of the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent; (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he nature and length of the professional relationship with the client; and (12) [a]wards in similar cases.

Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. at 170.

(11th Cir. 2000) (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 896 (1984)).   In all cases, a district court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."   <u>Loranger</u>, 10 F.3d at 781.

The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with prevailing market rates.   <u>Id.</u>   Plaintiff seeks $300 per hour for the services of attorney, Christopher J. Shipley, $175 per hour for the services of an unnamed associate attorney who goes by the initials "THM"; and $125 per hour for the work performed by an unnamed paralegal who goes by the initials "SR."   The Court has not been provided any biographical information for these timekeepers.   Consequently, their experience and specialization, if any, is unknown.   Plaintiff has also not submitted expert opinion testimony concerning the reasonableness of these rates or the hours billed.   To determine the reasonableness of these hourly rates I have considered the quality of counsel's written work product which I find to be average at best, and my knowledge of prevailing rates in this division of the Middle District of Florida.   Based upon these criteria, I respectfully recommend a finding that the following hourly rates are reasonable in the case: $300 per hour for Mr. Shipley, $150 for THM, and $100 for SR.

The next step in determining the lodestar is to assess the reasonable number of hours expended to perform the services.   <u>Jackson</u>, 2010 WL 750301, at *3-4.   The fee applicant bears the burden of documenting the appropriate number of hours.   <u>See</u> <u>United States v. Blue Cross & Blue Shield of Fla., Inc.</u>, 882 F. Supp. 166, 170 (M.D. Fla. 1995).   The applicant should present records detailing the amount of work performed.   If the documentation is inadequate, it may result in a reduction in the number of hours claimed.   Courts also reduce claims for time it finds to be excessive or unnecessary.   Plaintiff

seeks reimbursement for 5.95 hours billed by Mr. Shipley; 6.05 hours billed by THM; and 18.25 hours billed by SR (Doc. 28-1).   The work for which reimbursement is sought was performed during the period September 2, 2015, through November 25, 2015 (Id.).   The firm has submitted a copy of its timekeeper ledger for the Court's review (Id.).

It appears from the ledger that time was sometimes kept in minutes, other times in tenths of an hour, and on other occasions in quarter hour increments (Id.).   For example, on October 22, 2015, SR recorded 0.30 for some services and 0.65 hours and for other services, then on October 27 she recorded 0.75 hours (Id., at 5).   Plaintiff failed to explain this inconsistency in the way time was kept.

I have reviewed counsel's time entries and find multiple problems with them. Time was charged for ministerial tasks.   One example is the entry for "downloading Civil Cover Sheet and Summons from U.S. District Court website."   (Id., at 4).   There was an obvious duplication of effort.   One example is that SR expended at least 4 hours on the petition for return of the child, and then THM spent at least 3.2 hours on the same activity (although he referred to it as the complaint) (Id.)   The amounts charged for some activities is excessive.   One example is a charge of 0.50 hours for "E-mail from/to client regarding her travel arrangement for the upcoming hearing and the possibility of returning to Canada with the minor child."   (Id., at 6).   The failure of Plaintiff's counsel to address these matters leads me to conclude that appropriate billing judgment was not exercised in this case.

Defendant objects to the use of block billing which is the practice of grouping multiple tasks in a block summary under a single time entry.   "However, the mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing."   Franklin v. Hartford Life Ins. Co., 8:07-cv-1400-T-23MAP,

2010 WL 916682, at *3 (M.D. Fla. Mar. 10, 2010).   While most of the time entries do include multiple tasks, I find many of those tasks to be intertwined or otherwise sufficiently related to one another to warrant summary in a single time entry.   I also find the entries are sufficiently detailed so that the Court can determine how the time was spent. Accordingly, it is respectfully recommended that the time entries not be reduced on the basis of block billing.

Lastly, Defendant objects that the time entries include work performed on unrelated matters including dissolution of the parties' marriage which Defendant argues, is not related to the return of the child (Doc. 29 at 8-10).   Defendant failed to identify the time entries he is referring to and therefore, I respectfully recommend that this objection be overruled.

After considering all of the foregoing, I respectfully recommend a 15 percent across the board reduction in the number of hours billed by counsel for Plaintiff.   If this recommendation is accepted by the Court, and it uses the hourly rates I have recommended, the result is 5.0575 hours for Mr. Shipley at $300 per hour for a total of $1,517.25; 5.1425 hours for THM at the rate of $150 per hour for a total of $771.38, and 15.5125 hours for SR at the rate of $100 per hour for a total of $1,551.25.   The combined amounts result in a lodestar award to Plaintiff of $3,839.88 in fees which I respectfully recommend.

## V. Costs and Other Expenses

Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 govern Plaintiff's claim for taxable costs.   By statute,

> A judge or clerk of any court of the United States may tax as costs
> the following: (1) Fees of the clerk and marshal; (2) Fees for printed
> or electronically recorded transcripts necessarily obtained for use in

the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff's bill of costs includes the $400.00 filing fee which is recoverable.  28 U.S.C. § 1920(1).  She also seeks $114.85 for service of process on Defendant by "Family & Court Services" (Doc. 28-1 at 8).  Plaintiff failed to attach an invoice or other documentation supporting the reasonableness of the amount of this charge.  The current permissible rate for service of process by the U.S. Marshal is $65.00 per hour for each item served plus travel costs and other out-of-pocket expenses.  See 28 C.F.R. § 0.114(a)(3).  It is possible with travel costs and expenses that the $114.85 is comparable to what the Marshal would have charged for the same service.  While this is speculation, Defendant has not opposed the cost so I respectfully recommend it be allowed.  Plaintiff also seeks reimbursement of a $1.00 fee to park by the courthouse.  The parking fee is not recoverable.  See Gary Brown & Assocs. v. Ashdon, Inc., Nos. 06-15262, 07-10167, 2008 WL 612672, at *7 (11th Cir. Mar. 7, 2008) (internal citations omitted) (quoting Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996)). Accordingly, I recommend the court approve $514.85 in taxable costs.

## VI. Other Expenses

A defendant may be ordered to pay necessary expenses, including "transportation costs related to the return of the child."  22 U.S.C. § 9007(b)(3).  Plaintiff requests $962.24 for round trip airfare for herself and Melika Ben Romdhane, hotel

accommodations, a rental car, and $381.99 for the child's airfare to Canada (Doc. 28-2 at 1-2, 5).   It appears from the documentation that Plaintiff paid some of these expenses in Canadian dollars (Doc. 28-2 at 5).   Neither party addressed this point in its papers. Accordingly, I have elected to treat Plaintiff's motion as a request for reimbursement in U.S. dollars.   Plaintiff has not explained why she was accompanied by Melika Romdhane or why Defendant should be liable for her companion's expenses.   Plaintiff has also not broken out the expenses between herself and her companion.   Therefore, I respectfully recommend the Court allow one-half of these expenses which is $481.12, plus the child's airfare ($381.99) making a total of $863.11.

## VII. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **granted in part**, and that Plaintiff be awarded $3,839.88 in fees; $514.85 in taxable costs, and $863.11 in other expenses, making a grand total of $5,217.84.

## VIII. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 22, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:
    Presiding United States District Judge
    Counsel of Record