## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAROUA LAMIRI,

        Petitioner,

v.                                               Case No:  6:15-cv-1810-Orl-28TBS

ROBERT FRANCIS AUDETTE, JR.,

        Respondent.

----

## ORDER

    This case is before me on the Motion for Attorney's Fees, Court Costs, and Travel Expenses (Doc. 28) filed by Petitioner.  The assigned United States Magistrate Judge has submitted a Report (Doc. 31) recommending that the motion be granted in part and denied in part.  Specifically, the magistrate judge recommends that Petitioner be awarded a total of $5,217.84 in attorney's fees, costs, and expenses rather than $6,985.08 as Petitioner requested.  Respondent filed an Objection (Doc. 32) to the Report.  Petitioner did not respond to that Objection, nor did she object to the Report.

    Upon de novo review, including consideration of the Objection filed by Respondent, I agree with most of the findings and conclusions in the magistrate judge's Report. Petitioner's motion will be granted in part and denied in part as recommended by the magistrate judge, but I award less than the recommended amount of attorney's fees.

### I.      Background

    On October 26, 2015, Petitioner filed a petition for the return of her child pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention") and its implementing legislation, the International Child Abduction Remedies

Act ("ICARA"), 22 U.S.C. §§ 9001-9011. (Doc. 1). Petitioner claimed that Respondent—her husband—had wrongfully retained the minor child in the United States after removing him from Canada, which Petitioner asserts was the child's habitual residence.

On October 29, 2015, I scheduled a hearing on the petition for November 12, 2015, and prohibited Respondent from taking any action to remove the child from the jurisdiction of the Court without obtaining permission of the Court. (Order, Doc. 4, at 2). I also ordered Respondent to surrender all travel documents of the child, (id.), and Respondent did so, (see Receipt, Doc. 7).

On November 9, 2015, Respondent filed a Memorandum in Response to Verified Petition and Suggestion of Mootness (Doc. 13) in which he stated that since the filing of the petition he had agreed to return the child to Petitioner but could not send the child to Canada because he had surrendered the child's passport to the United States Marshal. Respondent advised that his counsel had been in contact with Petitioner's counsel about return of the child, and Respondent stated that he was "willing, ready and able" to return the child to Petitioner. (Id. at 3). Respondent suggested that in light of his agreement to surrender the child, the petition was moot. (Id. at 6).

Based on Respondent's Response, I entered an Order on November 10, 2015, authorizing release of the child's passport to counsel for Petitioner. (Order, Doc. 14). In that Order, I further directed the parties to immediately advise the Court in writing if they reached an agreement by 2:00 p.m. that day regarding the logistics of returning the child to Petitioner. (Id. at 2). Further, if the parties were unable to reach such an agreement, the child was to be delivered to Petitioner at the time and place set for the hearing—November 12, 2015, at 9:30 a.m. in my assigned courtroom. (Id.).

At 2:46 p.m. on November 10, counsel for Respondent filed a "Notification of Agreement for Return of [the Child] and Motion to Enforce Agreement" (Doc. 16).  In that filing, Respondent reported that the parties had agreed to exchange the child on November 11, 2015, at 4:00 p.m. but could not agree to the terms of a stipulation because of a dispute about inclusion in the stipulation of a provision regarding payment of attorney's fees. Respondent requested "that this Court enter an Order requiring Petitioner to comply with the original stipulation for the return of" the child attached to the motion—a stipulation that was silent as to attorney's fees. (Id. at 4; see also Ex. A to Doc. 16).

I entered an Order (Doc. 17) at 4:29 p.m. on November 10, noting that "the Court will not allow a dispute over attorney's fees to delay the return of the Child to Petitioner." (Id. at 3).  I ordered that the child be delivered to Petitioner on November 11, 2015, as agreed by the parties and that Petitioner could then return to Canada with the child.  (Id.). I further ordered Petitioner to file a notice with the Court after delivery of the child advising that the child had been delivered to Petitioner; if the delivery occurred as scheduled, the November 12 hearing would not be held, but if the delivery did not occur, the parties were to appear for the scheduled hearing.  (Id.).

Petitioner did not file a notice regarding delivery of the child prior to the scheduled 9:30 a.m. hearing on November 12, 2015.  Thus, it appeared to me that the child had not been delivered, and the hearing was held as scheduled.  Respondent and his counsel appeared at the time and place appointed for the hearing, but counsel for Petitioner was absent. (See Mins., Doc. 20).  I attempted to reach counsel for Petitioner by telephone in open court during the hearing, and counsel's staff informed me that counsel was on his way to the hearing.  Petitioner's counsel eventually arrived approximately thirty minutes

late for the hearing. Counsel informed me at the hearing that the child had been delivered the day before as agreed. When asked why he did not file a notice with the Court advising that the child had been delivered—which would have obviated the need for the hearing—counsel for Petitioner responded that he did not learn that the child had indeed been delivered until counsel was on his way to the hearing.

Later that day, Petitioner filed a "Notice of Child Delivery" reporting that the child had been delivered to Petitioner and that the passport of the child had been returned to Petitioner's counsel and then to Petitioner. (Doc. 19). Petitioner requested that I "[e]nter a final judgment in Petitioner's favor establishing that the Child be returned to Canada, where an appropriate custody determination can be made by a Canadian court under Canadian law." (Id. at 2). Petitioner also requested attorney's fees, costs, and expenses. (Id.).

I denied Petitioner's request for entry of final judgment, finding that such entry was unnecessary because the child had already been returned to Petitioner and Petitioner had been granted permission to return to Canada with the child. (Order, Doc. 21). I reserved jurisdiction to entertain a motion for fees, costs, and expenses. (Id.).

Petitioner filed the motion that is now before me on November 30. (Doc. 28). In that motion, Petitioner requests attorney's fees of $5,125.00, travel costs and expenses of $1,344.23, and costs of $515.85, for a total requested award of $6,985.08. (Id.). Respondent filed a Response (Doc. 29) in opposition to Petitioner's motion, arguing (1) that the motion should be denied because Petitioner's counsel failed to sign it; (2) that the motion should be denied because Respondent voluntarily returned the child without a court order; and (3) challenging the amounts claimed.

4

In the Report, the magistrate judge: (1) concludes that Petitioner's counsel cured the failure to sign; (2) concludes that Petitioner is indeed entitled to fees under ICARA because I entered an order for return of the child; (3) recommends that I make a fifteen percent across-the-board cut in the number of hours billed, resulting in a recommended award of fees of $3,839.88 instead of the $5,125.00 requested; (4) recommends that I disallow $1 of claimed costs because the parking fee claimed by Petitioner's counsel is not recoverable; and (5) recommends that Petitioner be awarded travel expenses of $863.11 rather than the $1,344.23 requested.   Thus, the magistrate judge recommends a total award of $5,217.84—an amount $1,727.24 less than Petitioner seeks.

As earlier noted, Petitioner has not objected to the Report.  However, Respondent objects on two grounds:  (1) he maintains his position that fees should not be granted because he voluntarily returned the child and (2) he argues for a further reduction in the amount of attorney's fees.

## II.   Discussion

### A.   Respondent's Objection as to the Propriety of *Any* Award

ICARA provides in part that "[a]ny court ordering the return of a child pursuant to an action brought under section 9003 of [Title 22 of the United States Code] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3).  In cases not within this provision, petitioners must bear their own fees and costs. See id. § 9007(b)(1)-(2).

Respondent argues that this Court did not "order[] the return of a child" in this case and that therefore Petitioner is not entitled to recover her fees and costs under § 9007(b)(3). In both his response to Petitioner's motion and in his objection to the magistrate judge's Report, Respondent relies on Allman v. Coyle, 319 F. Supp. 2d 540 (E.D. Pa. 2004), in support of this position. The magistrate judge rejected Respondent's reliance on Allman, and I do as well.

In Allman, the petitioner filed an ICARA petition alleging that the respondent had removed the child from Ireland and brought her to the United States. The court ordered the respondent to appear with the child at a hearing two weeks later. The court was informed two days before the hearing that the respondent had returned to Ireland. Meanwhile, the petitioner had traveled from Ireland to Philadelphia to attend the scheduled hearing. The respondent, who was by then in Ireland, did not appear, but her counsel attended by telephone and confirmed that the respondent and the child had returned to Ireland several days prior. Additionally, a custody hearing was scheduled in an Irish court for six weeks later.

Three weeks later, the respondent moved to dismiss the case on the grounds that the child's return to Ireland mooted the case. The Allman court agreed, concluding that "[n]ow that [the child] has been returned to her habitual residence, this court cannot provide [the petitioner] with meaningful relief under the Convention." 319 F. Supp. 2d at 543. The petitioner then sought to recover fees and expenses under ICARA, but the court found that ICARA "provide[d] no authority for the awarding of fees and expenses in this case." Id. at 544. The Allman court noted that ICARA required that the court have "ordered the return of a child" before fees and costs could be awarded, and there the court had "made no such

order" and therefore had "no authority to direct [the respondent] to pay the expenses incurred by" the petitioner. Id.

In rejecting Respondent's reliance on Allman, the magistrate judge concluded that my second November 10 Order (Doc. 17) "qualifies as an order for the return of child" under ICARA and entitles Petitioner to an award of fees, costs, and expenses. I agree.

A case more on point than Allman is Salazar v. Maimon, 760 F.3d 514 (5th Cir. 2014). There, a bench trial was set on an ICARA petition and the parties reached a settlement on the morning of trial that involved the respondent agreeing to voluntarily return the child. Id. at 517. The court incorporated the terms of the settlement into an order stating that the respondent agreed to surrender the child to petitioner and that the petitioner was authorized to return to Venezuela with the child. When the petitioner moved for fees and costs, the respondent argued—as Respondent does here—that there was no basis to impose fees against him because the parties settled without a trial. Id. The district court granted the fee motion, and the appellate court affirmed.

Reviewing de novo the district court's interpretation of ICARA's fee provision, the Fifth Circuit noted that the text of the fee provision "does not specify the type of court order that obliges the court to impose necessary fees, so long as it 'order[s] the return of a child pursuant to an action brought under [22 U.S.C. § 9003].'" Id. at 520 (first alteration in original) (quoting ICARA). The Salazar court further noted that "[n]othing in the statute conditions the court's obligation to award fees on a trial on the merits or upon a judicial determination that [the respondent] wrongfully retained the child within the United States." Id. The court concluded that the district court correctly interpreted the ICARA fee provision as authorizing fees under the circumstances of that case, noting that "[t]his interpretation

is consistent with the plain meaning of the statute as well as the policy of the effective and speedy return of abducted children under ICARA and the Hague Convention." Id.

In the case at bar, I "order[ed] the return of a child pursuant to an action brought under" 22 U.S.C. § 9003 on November 10, 2015, when I ordered that the child be delivered to Petitioner on November 11, 2015, and provided that Petitioner could then return to Canada with the child. (Doc. 17 at 3). Unlike in Allman, this case was not rendered moot at any time prior to the entry of that Order. The child was not returned until the next day. In this case, even more so than in Salazar, the requisite order supporting an award of fees under ICARA was entered.

Respondent's contentions to the contrary are rejected. Indeed, my Order (Doc. 17) was entered in response to a motion (Doc. 16) filed *by Respondent* to enforce an agreement between the parties regarding return of the child.[1]   Court intervention was both requested and necessary to effectuate the return, and "the return of a child" was ordered here. Petitioner is therefore entitled to an award of fees, costs, and expenses under ICARA.

## B.   Respondent's Objection as to the Amount of Fees to be Awarded

Respondent also objects—on two bases—to the amount of the recommended attorney's fee award.[2]   First, Respondent argues that the number of hours should be cut

---

[1] In his Response (Doc. 29) to Petitioner's attorney's fee motion and in his Objection (Doc. 32) to the magistrate judge's Report, Respondent refers to the "Notification of Agreement for Return of [the Child] and Motion to Enforce Agreement" that he filed on November 10 as only a "Notification of Agreement"—he does not mention the "Motion to Enforce Agreement" component of that filing. (See Doc. 29 at 2; Doc. 32 at 4). Although the fact that Respondent moved for enforcement of the parties' agreement is not determinative of the issue at hand, Respondent's truncated description of his filing is telling.

[2] Respondent does not object to the amounts of costs and expenses recommended by the magistrate judge.

by more than fifteen percent. I reject this assertion and find that a fifteen percent across-the-board cut in the requested hours is sufficient to address the concerns noted by the magistrate judge in the Report—concerns with which I agree.

Second, Respondent argues that the magistrate judge should have disallowed fees for time entries for work on unrelated matters, including the parties' dissolution of marriage. I agree with this contention and also find that other hours should be disallowed.

One of the time entries submitted in support of fees is for November 13, 2015, for "Review Petition for Dissolution of Marriage and case review with attorney regarding filing Motion to Dismiss." (Doc. 28-1 at 7). This is not a dissolution of marriage case, and the child had been returned to Petitioner on November 11. The .20 hours claimed for November 13 will not be allowed, resulting in a fee decrease of $20. Additionally, .50 hours claimed for November 19, (see id.), will also be disallowed. The time entry for that date refers to "case review with attorney regarding memorandum requested by court." (Id.). This Court did not request a memorandum, and these fees were incurred after the child had been returned. The requested fee will be further reduced by $50.

Finally, although not specifically proposed by Respondent, I find that the fees requested for November 12, 2015, shall also be reduced. Petitioner claims three hours of attorney time on that date, much of which pertains to the hearing that was held at 9:30 that morning. (Id. at 6). As described earlier in this Order, however, that hearing was unnecessary because the child had already been returned a day earlier, and the failure of Petitioner's counsel to file a notice regarding the child's return prior to the time of the hearing resulted in wasted time by the Court, court staff, Respondent, Respondent's counsel, and Petitioner's counsel himself. Two of the three hours will be disallowed; one

hour will be allowed due to the fact that it was necessary for counsel to pick up the child's birth certificate and passport at the courthouse, which is also part of the time entry for November 12. The disallowance of two of the three hours claimed for November 12 results in a further fee reduction of $600.

In sum, the recommended attorney's fee award of $3,839.88 is reduced by $670.00, for a fee award of $3,169.88 and a total award of fees, costs, and expenses of $4,547.84.

## III.   Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

1.      Except as modified by a reduction in the attorney's fees amount as explained elsewhere in this Order, the Report and Recommendation (Doc. 31) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2.      The Motion for Attorney's Fees, Court Costs, and Travel Expenses (Doc. 28) is **GRANTED in part and DENIED in part**.

3.      Petitioner is awarded $3,169.88 in attorney's fees, $514.85 in costs, and $863.11 in other expenses, for a total award of $4,547.84. The Clerk is directed to enter a judgment providing that Petitioner recovers $4,547.84 from Respondent.

4.      This case is **DISMISSED**.

5.      After entry of judgment as stated in paragraph 3, the Clerk shall close this case.

**DONE** and **ORDERED** in Orlando, Florida, on February  5  , 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel of Record